United States District Court
Southern District of Texas
**ENTERED**
March 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANTONIO FLORES VERA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-64 |
| § | |
| NANETT HASSITT, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER OF DISMISSAL

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently confined at the Carol Young Medical Facilities in Dickinson, Texas. On February 25, 2016, Plaintiff filed his original complaint pursuant to 42 U.S.C. § 1983 alleging that State District Judge Nanette Hasette; a private attorney, Melissa K. Madrigal; and former United States Magistrate Judge Brian Owsley breached their duties and implicated Plaintiff in a scheme to defraud the United States, causing him irreparable harm. (D.E. 1, p. 4). Pending are Plaintiff's motions for leave to proceed *in forma pauperis* (i.f.p.) in this action. (D.E. 2, 6).

### I.   JURISDICTION.

The Court has federal question jurisdiction. *See* 28 U.S.C. § 1331.

### II.  THREE STRIKES RULE.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act (PLRA), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more

actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis.* 28 U.S.C. § 1915(g); *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g).

The Fifth Circuit has addressed the validity and scope of 28 U.S.C. § 1915(g). *Carson v. Johnson,* 112 F.3d 818 (5th Cir. 1997). In *Carson,* the plaintiff argued that 28 U.S.C. § 1915(g) was unconstitutional because it blocks access to the courts and discriminates against prisoners. *Id.* at 821. The Fifth Circuit disagreed finding that § 1915(g) does not prevent prisoners with three strikes from filing civil actions, but merely prohibits them from enjoying i.f.p. status. *Id.* The Fifth Circuit emphasized that deterring frivolous and malicious lawsuits is a legitimate state interest and noted that "Carson's own lengthy litigation history is the strongest possible argument for the PLRA's rationality." *Id.* at 822.

The Fifth Circuit discussed the revocation of the i.f.p. privilege also in *Adepegba* when it stated:

> Section 1915(g) is a procedural rule governing the process by which indigent individuals, including prisoners, bring civil actions or appeals in the federal courts. Before amendment, section 1915 allowed qualifying prisoners to bring an action or appeal without prepaying court fees, which are normally in excess of $100. (citation omitted).
>
> The amended provisions of section 1915(b) allow qualifying individuals to pay the filing fee in installments over time. 28 U.S.C. § 1915(b), as amended. Although Section 1915(g) attaches consequences to past actions,

> we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to court. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedure.

*Adepegba,* 103 F.3d at 386-87.

### III.   PLAINTIFF'S LITIGATION HISTORY.

Plaintiff has had at least four prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, and has been barred from proceeding i.f.p. while incarcerated unless he is under imminent danger of serious physical injury.[1] Plaintiff acquired his first strike for a frivolous filing in the Western District of Texas, Austin Division, in *Vera v. Martin, et al,* Case No. 1:00-cv-380 (W.D. Tex. Sept. 21, 2000) (dismissing Plaintiff's complaint with prejudice as frivolous pursuant to § 1915(e) and admonishing Plaintiff that pursuing any further frivolous lawsuits may result in imposition of court costs or significant monetary sanctions). Plaintiff appealed that case, and the Fifth Circuit found the appeal to be frivolous, counting the appeal as Plaintiff's second strike. *Vera v. Martin, et al,* 253 F.3d 705, 2001 WL 498666 (5th Cir. 2001) (per curiam) (unpublished).

Plaintiff received his third strike in this Court in *Vera v. Board of Judges of the Judicial District of Nueces County*, Case No. 2:07-cv-051 (S.D. Tex. Mar. 14, 2007) (dismissed as frivolous and for failure to state a claim pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1)). Plaintiff appealed, and the Fifth Circuit dismissed the appeal as frivolous, noting that the dismissal counted as a § 1915(g) strike such that Plaintiff had accumulated

---

[1] *See* http://156.124.4.123/ThreeStrikes/v3.htm.

four strikes and was now barred from proceeding i.f.p. while incarcerated unless he was under imminent danger of serious physical injury. *Vera v. Board of Judges of the Judicial District of Nueces County*, 260 F. App'x 664 (5th Cir. 2007) (per curiam).

## IV. ANALYSIS OF CURRENT COMPLAINT.

Plaintiff has accumulated in excess of three strikes under 28 U.S.C. § 1915(g), and is therefore barred from proceeding i.f.p. in any civil action or appeal while he is in prison unless he shows that he is under imminent danger of serious physical injury.

In the instant lawsuit, Plaintiff claims that Judge Hasette, Attorney Madrigal, and Magistrate Judge Owsley owed duties to their offices and to Plaintiff, and that Defendants breached those duties in order to defraud the United States, somehow injuring Plaintiff. Plaintiff contends further that, had Defendants not breached their duties of office, a multitude of federal crimes would not have occurred. Plaintiff claims that Defendants' breach of their duties "contributed to irreparable injury," and "its threatening is imminent." (D.E. 1, p. 4).

Considering Plaintiff's allegations in the light most favorable to him, his claims fail to state that he is in imminent danger of serious physical harm. The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not

those which had already occurred. *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001)

In the instant case, there is no indication that Plaintiff is in any type of danger to excuse him from the § 1915(g) three-strikes bar. His conclusory, general allegations against Defendants reference a past breach of duty and do not suggest that he is under any imminent physical danger. He does not complain about his location at the Carol Young Medical Facilities, nor does he suggest that his housing or classification is inappropriate. Plaintiff fails to allege any facts to suggest that he is under imminent danger of serious physical injury, and therefore, he is not entitled to a waiver of the three-strikes bar to allow him to proceed i.f.p. in this lawsuit.

### V. CONCLUSION.

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to demonstrate that he is in imminent danger of physical harm. Accordingly, Plaintiff's motions to proceed i.f.p. (D.E. 2, 6) are denied, and this lawsuit is dismissed without prejudice. Plaintiff may move to reinstate this action within thirty (30) days of the date of entry of this Order, but only if the $400.00 filing fee is paid simultaneously with the motion to reinstate.

ORDERED this 7th day of March, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE